983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Everett C. YOUNG, Petitioner.
 Misc. No. 357.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Everett C. Young petitions for a writ of mandamus to direct the Honorable Earl H. Carroll, United States District Court for the District of Arizona, to recuse himself.*
 
 
 2
 It is not clear from Young's petition exactly what occurred in the district court or exactly what relief Young seeks. However, Young appears to challenge Judge Carroll's impartiality because Judge Carroll allegedly ruled against both him and his son in a prior action involving royalties on Apollo and Gemini heat shields. Young states that Judge Carroll failed to order the United States to comply with his discovery requests in the previous case. Regarding the current action, Young states:
 
 
 3
 [i]t seems obvious to allege that Judge Carroll is intending to do the same thing he did in my other law case which is I allege to merely stall and stall while USA finds something to beat us.
 
 
 4
 Young also complains that the United States is attempting to consolidate two actions involving his son.
 
 
 5
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Kerr v. United States District Court, 426 U.S. 394 (1976). The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). In this case, Young has not carried that burden. Young has not convinced us that this matter merits immediate attention or that his right to a writ is clear and indisputable. Indeed, most of the complaints revolve around the district court's control of its docket and management of its case, areas well within its discretion. See Landis v. North American Co., 299 U.S. 248, 254 (1936) (every court has the inherent power to "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants"). Any arguments that Young wishes to make that the district court's decisions or conduct were improper may be raised on appeal after final judgment.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 Young's petition for writ of mandamus is denied.
 
 
 
 *
 It appears that Young is petitioning on behalf of his son, Jan Young, who is a party to a case before Judge Carroll. Due to our disposition of this matter, we need not address the issue of the propriety of Young seeking a writ on behalf of his son